**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 27 2016

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

RACHEL HOWARD, as Executrix of the                    **PLAINTIFF**
Estate of C.R. Howard, deceased

v.                          No. *4:16-cv-687-KGB*

**UNITED STATES OF AMERICA**                          **DEFENDANT**

**COMPLAINT** This case assigned to District Judge __*Baker*__
and to Magistrate Judge __*Ray*__

Plaintiff, Rachel Howard, executrix of the estate of C.R. Howard, by her attorneys,

Watson & Watson, for her Complaint against the Defendant, United States or America, states:

1.     This is an action against the Defendant United States of America under the

Federal Tort Claims Act, (28 U.S.C. §2671. et seq.) and 28 U.S.C. §1346(b)(1), for

negligence, personal injury, wrongful death, and professional malpractice in connection with

medical care provided to C.R. Howard, deceased husband of the Plaintiff, by the Department

of Veterans Affairs at the John L. McClellan Memorial Veterans Hospital in Little Rock, AR.

2.     The claims herein are brought against the Defendant pursuant to the Federal

Tort Claims Act (28 U.S.C. §2671. et seq.) and 28 U.S.C. §1346(b)(1), for money damages as

compensation for personal injuries and wrongful death caused by the Defendant's negligence.

3.     The Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the

Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4.     This suit has been timely filed, in that the Plaintiff is bringing this Complaint

less than two years after the incident forming the basis of this suit.

5.     The Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after

receiving the Department of Veterans Affairs' June 22, 2016 "notice of final denial" letter.

1

*Administrative Tort Claim Denial Letter attached as Exhibit 2.*

6.      Plaintiff Rachel Howard is, and at all times relevant hereto was, a resident of Jackson County, Arkansas, as was the deceased, C.R. Howard.   Plaintiff Rachel Howard is a duly appointed executrix of the estate of C.R. Howard, pursuant to Letters Testamentary issued on the 7th of May, 2015, by the Jackson County Probate Clerk in the Circuit Court of Jackson County, AR.   *Letters Testamentary attached as Exhibit 3.*

7.      Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the John L. McClellan Memorial Veterans Hospital 4300 West 7th Street, Little Rock, AR 72205.

8.      Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the John L. McClellan Memorial Veterans Hospital are hereinafter collectively referred to as "the Little Rock Veterans Hospital"

9.      At all times relevant to this Complaint, the Little Rock Veterans Hospital held themselves out to the Rachel Howard, C.R. Howard, and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like C.R. Howard.

10.      At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and/or acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11.      Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12.      Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in the Eastern District of

2

Arkansas.

13.     On or about the morning of February 16, 2015, C.R. Howard was a patient at the Little Rock Veterans Hospital.  He was in a weakened state, following the treatment for which he had been admitted, and could not sit up or stand on his own.  In fact, that morning the nurses tried to get him to sit up in bed, and propped his body upright, and he immediately fell over once they removed their hands from him.  Nevertheless, while he was in this condition, staff nurses attempted to help him use the toilet.  The nurses lifted him out of his bed and propped him up on a portable toilet seat and then, inexplicably, turned away and removed their support from his body.  C.R. Howard immediately fell forward, striking his head on the floor and breaking his neck.  After several unsuccessful operations, and a month of continuous agony, he died on March 14, 2015.

14.     As a result of the Little Rock Veterans Hospital's negligence, C.R. Howard experienced grievous personal injury, prolonged and extreme pain and suffering, and eventual death.

15.     As a further result of the Little Rock Veterans Hospital's negligence, Plaintiff Rachel Howard suffered the loss of her husband, and the love and support that he would have otherwise been able to provide for years to come.

16.     The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

17.     The Defendant breached its duty of care to C.R. and Rachel Howard in that the employees of the Little Rock Veterans Hospital knew or should have known that C.R. Howard was in a dazed and weakened state, and nevertheless propped him up on a portable toilet, and then removed their support from his body when he was obviously unable to support

3

himself.

18.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Arkansas.

19.     The Defendant is liable pursuant to 28 U.S.C. 1346(b)(l).

20.     The Plaintiff, Rachel Howard, in her capacity as executrix of the estate of C.R. Howard, seeks the following damages on behalf of the estate:

      (a)     Medical expenses;

      (b)     Funeral and burial expenses;

      (c)     The pain and anguish and suffering that C.R. Howard experienced prior to his death;

      (d)     Damages for the value of the loss of C.R. Howard's life.

21.     The Plaintiff, Rachel Howard, in her capacity as executrix of the estate of C.R. Howard, seeks the following damages on behalf of the wrongful death beneficiaries:

      (a)     Damages for the mental and emotional anguish suffered by each as a result of the death of C.R. Howard; and

      (b)     Pecuniary loss any wrongful death beneficiary has or will suffer as a result of the death of C.R. Howard.


WHEREFORE, Plaintiff, Rachel Howard, prays for judgment against the Defendant in an amount adequate to compensate for the damages sustained, which damages exceed the federal jurisdictional limits in diversity of citizenship cases.   Plaintiff further asks for costs, and any other relief to which she may be entitled.

4

Respectfully submitted,


WATSON & WATSON
Attorneys at Law
209 Walnut Street
Newport, AR 72112
(870) 523-8420
(870) 523-4639


BY: _____
**TIM F. WATSON, JR., ABA #2011303**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**PLAINTIFFS EXHIBIT 1**

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Sonya Cromwell<br>Chief Counsel of Continental District East<br>1500 Woodrow Wilson Drive<br>Jackson, MS  39216 | Rachel F. Howard, Administratrix of the Estate of C. R. Howard, Deceased<br>c/o Watson & Watson, Attorneys at Law<br>PO Box 988, Newport, AR  72112 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [X] MILITARY  [ ] CIVILIAN | 1/22/1940 | Married | 2/16/2015 Monday | 9:00-9:15 AM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)  Veteran was an inpatient at the John L. McClellan Memorial Veterans Hospital in Little Rock, AR. He was very weakened and could not stand up or sit up on his own. Staff employees/nurses propped him up on a portable toilet in his hospital room and turned away and did not support him.  Mr. Howard immediately fell forward, striking his head on the floor and breaking his neck. After several unsuccessful operations and a month of agony he died on March 14, 2015.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

The cause of death was the fall from the portable toilet forward,  striking his head and breaking his neck, and complications that followed.   C. R. Howard, decedent

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Rachel F. Howard | 2311 Jackson 311, Bradford, AR 72020 |
| Nurse (name unknown) | Employee of John L. McClellan Memorial Veterans Hospital |
| Nurse (name unknown) | Employee of John L. McClellan Memorial Veterans Hospital<br>4300 W 7th St., Little Rock, AR  72205 |

12. (See instructions on reverse).          AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $1,000,000.00 | $1,000,000.00 | $2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Rachel F. Howard* | 501-201-0017 | 10/29/15 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
 C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
 D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

PLAINTIFF'S
EXHIBIT
2
PENGAD 800-631-6989

# DEPARTMENT OF VETERANS AFFAIRS
## Office of Chief Counsel
## Continental District East

Sonya M. Cromwell
Chief Counsel
Arkansas, Louisiana, Mississippi
1500 E. Woodrow Wilson Drive
Jackson, MS 39206

(601) 882-2878 (Of)
(601) 882-2886 (Fax)

June 22, 2016

In Reply Refer To: GCL20611

Mr. Timothy Watson, Sr., Esq.
209 Walnut Street
Post Office Box 988
Newport, AR 72112

Subject: Administrative Tort Claim by Rachel Howard obo C.R. Howard

Dear Mr. Watson:

This office has completed its investigation of the above-referenced matter under the Federal Tort Claims Act (FTCA), and it is hereby denied as not amenable to resolution. The FTCA provides a legal remedy enabling an individual to recover damages under circumstances where the United States, if it were a private person, would be liable.

Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code (U.S.C.), which provides that a Tort claim that is administratively denied may be presented to a federal district court for judicial consideration. Such a suit must be initiated within six months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, U.S.C.). If such a suit is filed, the proper party defendant would be the United States, not VA. Alternatively, a request for reconsideration of this claim by this office may be filed by: (1) mail to Office of General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) fax to 202-273-6385; or (3) e-mail to OGC.torts@mail.va.gov. VA must receive such a request within six months of the date of mailing of this notice of final denial as shown by the date of this letter. If a request for reconsideration is made, VA shall have six months from receipt of that request during which the option to file suit in an appropriate federal court under 28 U.S.C. 2675(a) is suspended.

Please note that FTCA claims are governed by a combination of federal and state laws. Some state laws may limit or bar a claim or lawsuit. VA legal staff handling FTCA claims work for the federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely yours,

SONYA CROMWELL
CDE Chief Counsel

cc:   VA Medical Center – Little Rock, AR VAMC, Attn: QM





FILED
COUNTY AND
PROBATE COURT

2015 MAY -7 AM II: 19

MELANIE CLARK
PROBATE CLERK
JACKSON COUNTY, AR

# IN THE CIRCUIT COURT OF JACKSON COUNTY, ARKANSAS
## PROBATE DIVISION

**IN THE MATTER OF THE ESTATE OF**
**C. R. HOWARD, DECEASED**                           **NO. PR-2015-45**

## LETTERS TESTAMENTARY

**BE IT KNOWN:**

**THAT** Rachel Fay Howard, whose address is 2311 Jackson 311, Bradford, AR 72020,

having been duly appointed Executrix of the estate of C. R. Howard, deceased, who died on

the 14th day of March, 2015, and having qualified as such Executrix, is hereby authorized to

act as such Executrix for and in behalf of the estate and to take possession of the property

thereof as authorized by law.

Issued this __7th__ day of ____May____, 2015.

**MELANIE CLARK**
**JACKSON COUNTY PROBATE CLERK**



**BY:** _Sharon Lewis D.C._

State of Arkansas
County of **Jackson**

    I, Melanie Clark, County and Probate Clerk in and
for the aforesaid County and State, do hereby certify
that the foregoing is a true and correct copy of the
original, now on record in my office in
__Letters + Bond__ Record __L__
Page __474__
    Witness my hand and seal this __27__ day of
__September__ 20 __16__.
_____ Clerk
_____ D.C.