IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**RACHEL HOWARD, as Executrix of the**                              **PLAINTIFF**
**Estate of C.R. Howard, deceased**

v.                          No.<u>**4:16-cv-687 KGB**</u>

**UNITED STATES OF AMERICA**                                   **DEFENDANT**

**PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS**

COMES the Plaintiff by and through her attorneys, the Law Offices of Watson and Watson, PLLC, and for her Responses to the Defendant's Objections to her Deposition Designations states:

    A.     **Dr. Thomas Huffman, MD**

The Defendant has objected to the inclusion of several statements made by Dr. Huffman in his deposition in which he offered testimony regarding standard of care violations by the Veteran's hospital subsequent to Mr. CR Howard's fall from the portable commode on February 16, 2015, specifically, the failure to perform imaging of the cervical spine immediately following the fall from the toilet, failure to place Mr. Howard in a "cervical spine collar" to stabilize his neck, and the lack of a note detailing the intubation process.

The Defendant also cites testimony by Dr. Huffman that includes instances in which Mr. Howard was asked to respond to questions with a nod and a shake of the head, an episode of vomiting and retching at the placement of a nastrogastric tube and heavy coughing at extubation.   Vomiting and retching and heavy coughing are obviously not themselves violations of the standard of care.   But they are potentially aggravating factors that worsened the cervical spine injury that occurred on February 16, 2015, increased the pain and suffering

1

of the Defendant and contributed to his death.

This Court has already ruled that this type of proof is appropriate. In its ruling on the Plaintiff's Motion to Amend the Complaint (Order: Doc No. 39), the Court stated:

> "The Court observes that, even if she is not permitted to amend to add the allegations in proposed amended pargaraph 1.b. [which included standard of care violations at the Veteran's hospital subsequent to February 16, 2015], Ms. Howard may still be permitted to seek relief for the harm Mr. Howard suffered as a result of the alleged deficient medical care he received by staff of the Hospital resulting from the injury, if she prevails"

The Court based this decision on the well settled doctrine that a tortfeasor is liable not only for the direct and immediate injury that results from the tortfeasor's negligence, but for any aggravation of that injury based on further negligence in the treatment of the injury. The Court cites the Restatement of Torts (Second) and its application in Arkansas law.

In one of the cases cited by the Court, the appellant therein was involved in a bus accident and suffered an injury that was exacerbated by the misdiagnosis of a surgeon that treated her for injuries associated with the accident. *Ponder v. Cartmell, 301 Ark. 409 (1990).* In that case, the Court used the following to illustrate the principle that the bus company is liable for the appellants damages:

> "A's negligence causes B serious harm. B is taken to a hospital. The surgeon improperly diagnoses his case and performs an unnecessary operation ... A's negligence is the legal cause of the additional harm which B sustains" *Id.*

In the present case, the Plaintiff has alleged that the Veteran's hospital, through its employees, caused Mr. Howard serious harm. Mr. Howard was transferred to the MICU, still in the Veteran's hospital, where several incidents occurred which the Plaintiff's medical expert, Dr. Huffman, has testified in his deposition have a significant likelihood of having exacerbated the serious injury. Because those

2

statements offer proof of aggravating factors that, according to the expert, had a substantial likelihood of exacerbating the original February 16, 2015 injury, they should be admitted.

### B. Dr. Zhifu Xiang, MD

The Defendant has objected to the inclusion of opinion testimony elicited from Dr. Zhifu Xiang, an employee of the Veteran's hospital, with regard to breaches in the nursing standard of care and the proximate cause of the damages suffered by Mr. Howard and his family. The Defendant correctly states that the Plaintiff has filed a lawsuit pursuant to the Federal Tort Claims Act that is prosecuted in substance pursuant to the Arkansas Medical Malpractice Act and the Wrongful Death Statute. The Defendant then proceeds to cite A.C.A. §16-114-207(3) in support of its conclusory assertion that the opinion testimony of Dr. Xiang with regard to both the nursing standard of care and the proximate cause of the injury "must be excluded from trial". This is an incorrect application of this statute and the case law the Defendant cites to support it.

A.C.A. §16-114-207(3) states:

> "No medical care provider shall be required to give expert opinion testimony against himself or herself as to any of the matters set forth in 16-114-206 at a trial. However, this shall not apply to discovery. Discovery information can be used at a trial as in other lawsuits."

Because the statute clearly does not say "medical care providers are precluded from giving expert opinion testimony against themselves" the Defendant cites recent case law to flesh out its assertion that portions of Dr. Xiang's deposition must be excluded. The Defendant argues that the Supreme Court supports that assertion when it held that "section 16-114-207(3) simply creates a privilege for purposes of trial. It gives medical care providers,

3

or their representative (where the provider is an entity), the privilege to refuse to testify as to the matters set for in section 16-114-206." *Bedell v. Williams, 2012 Ark. 75, 17, 386 S.W. 3d 493, 504 (2012).*

A.C.A. §16-114-207(3) does not prevent the Veteran's hospital from providing expert opinion testimony against itself through its representative, here Dr. Xiang. In fact, Dr. Xiang has already done so. A.C.A. §16-114-207(3) instead gives Dr. Xiang the privilege of refusing to offer such testimony *at trial*. Reading the statute in its entirety, however, Dr. Xiang is prevented from invoking that privilege at this point because "[this privilege] shall not apply to discovery. Discovery information can be used at a trial as in other lawsuits." *A.C.A. §16-114-207(3).* The deposition of Dr. Xiang constitutes discovery information, or information provided through discovery. Although counsel for the Defendant voiced an objection at the time of the deposition when Dr. Xiang was questioned as to breaches in the standards of care and his opinion as to the cause of the injury and the result of the injury, specifically reducing both the quality and length of Mr. Howard's life, counsel did not advise Dr. Xiang that he did not have to answer the question.

Dr. Xiang was designated in January as part of the Plaintiff's Disclosure of Expert Testimony as a "non-retained expert" for the Plaintiff. The Defendant was given proper notice that the Plaintiff intended to call Dr. Xiang as an expert witness. Dr. Xiang did answer the questions regarding standard of care and proximate cause and provided an opinion; specifically that the fall from the commode shortened and reduced the quality of Mr. Howard's life. For that reason, pursuant to §16-114-207(3), the deposition "can be used at trial as in other lawsuits" and should be admitted in its entirety.

Alternatively, at this time the Plaintiff intends to call Dr. Xiang as a witness to testify as to his treatment and prognosis of Mr. Howard both before and after the injury that occurred

on February 16, 2015.  As an employee of the Veteran's hospital, his statements in the deposition are considered statements by a party and are therefore subject to cross-examination and impeachment if necessary.  Should the Court exclude the portions of Dr. Xiang's deposition to which the Defendant has objected, the Court should allow the Plaintiff to question Dr. Xiang about statements he made in his deposition, regardless of whether they constitute an opinion.

      **C.**      **Expert Reports**

The Plaintiff agrees with the Defendant that the reports and summaries contained in the exhibits attached to the depositions of Dr. Thomas Huffman and Janet Scott, RN are inadmissible.  The Plaintiff seeks only to introduce the text of their depositions and anything they used in forming their opinions in this matter.

                                                         Respectfully submitted,

                                                         Rachel Howard, Plaintiff

                                                         BY:  |s| Tim Watson Jr._____
                                                         **TIM F. WATSON, JR., ABA #2011303**
                                                         WATSON & WATSON
                                                         Attorneys at Law
                                                         209 Walnut Street
                                                         Newport, AR 72112
                                                         (870) 523-8420
                                                         (870) 523-4639

                                         **CERTIFICATE OF SERVICE**

The undersigned attorney swears and affirms that he has provided a true and correct copy of the foregoing pleading to the United States Attorney, Ms. Lindsey Lorence, by notification through the electronic filing system and by email to lindsey.lorence@usdoj.gov on this 27th day of June, 2018.

                                                          |s| Tim Watson Jr._____
                                                          Tim Watson Jr.