IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RACHEL HOWARD, as Executrix of the**
**Estate of C.R. Howard deceased**                                                              **PLAINTIFF**

v.                                            Case No. **4:16-cv-00687 KGB**

**USA**                                                                                                          **DEFENDANT**

## ORDER

Before the Court is the United States of America's objections to deposition designations (Dkt. No. 52). Plaintiff Rachel Howard, executrix of the estate of C.R. Howard deceased, has responded (Dkt. No. 58). This matter is scheduled for trial for the week of July 11, 2018. Pursuant to the Court's Fourth Amended Final Scheduling Order, Ms. Howard has designated the depositions of certain witnesses whose testimony is to be presented via deposition (Dkt. No. 42). The Court rules as follows:

**1.     T. Lawrence Huffman, M.D.**

The Court overrules the government's objection to Ms. Howard's designation of Dr. Huffman's testimony on page 97, line 21, through page 100, line 18; page 111, line 11, through page 114, line 13; page 161, line 15, through page 162, line 22 (Dkt. No. 52, at 1-2). As the Court noted in the Order from June 27, 2018, only the events of February 16, 2015, are a basis of actionable negligence in this case, based on the claims Ms. Howard presented on the administrative claim form and given this Court's ruling on the permitted amendment (Dkt. No. 57). However, as this Court also explained in the June 8, 2018, Order, Ms. Howard may still be permitted to seek relief for the harm Mr. Howard suffered as a result of the alleged negligence resulting from the injury, if she prevails (Dkt. No. 39). For these reasons, the Court overrules the government's

objection, will admit Dr. Huffman's deposition testimony on these points, but will afford that testimony appropriate weight, based on the Court's prior rulings in this matter.

   2.   **Zhifu Xiang, M.D.**

The Court sustains the government's objections to Ms. Howard's designation of Dr. Xiang's testimony on page 34, line 22, through page 41, line 25; page 44, line 14, through page 48, line 15; page 50, lines 6 through 18; page 54, lines 10 through 20; page 64, line 25, through page 65, line 3; page 66, line 14, through page 68, line 11; page 80, line 17, through page 81, line 3; page 103, line 18, through page 104, line 3; page 109, line 17, through page 110, line 3 (Dkt. No. 52, at 2-6).

"No medical care provider shall be required to give expert opinion testimony against himself or herself as to any of the matters set forth in § 16-114-206 at a trial." Ark. Code Ann. § 16-114-207(3); *see also Csiszer v. Wren*, 614 F.3d 866, 873 (8th Cir. 2010) (determining that § 16-114-207(3) "does not prevent the jury from hearing evidence relating to the standard of care or the defendant's satisfaction of that standard. It simply restricts the possible sources for that evidence, by prohibiting the plaintiff from forcing *the defendant* to provide the testimony necessary to satisfy the plaintiff's burden.") (emphasis in original); *Bedell v. Williams*, 2012 Ark. 75, 17 (Ark. 2012) ("Were we to interpret the statute to allow for an employee of a medical-care provider to give expert testimony against that provider, we would render the statue meaningless in regard to hospitals . . . ."); *Whorton v. Dixon*, 363 Ark. 330, 338 (Ark. 2005) (concluding that § 16-114-207(3) "would not prevent [plaintiff] from having [medical care provider] testify regarding factual issues; instead, it only prevented [plaintiff] from requiring [medical care provider] to give his expert opinion as to the relevant standard of care and proximate cause."). An appropriate objection was lodged at the time of Dr. Xiang's deposition; the issue was preserved for trial. For

these reasons, the Court sustains the government's objections to the specific line and page numbers of Dr. Xiang's deposition designated and identified in the government's motion and this Order.

If Dr. Xiang is called to testify live as a witness at trial, as Ms. Howard contends, the Court will rule on objections raised to his trial testimony at that time. The Court notes that Arkansas Code Annotated § 16-114-207(3) will apply to such testimony, as well.

### 3. Expert Reports

As the parties agree that the reports and summaries in the exhibits attached to the depositions of expert witnesses in this matter are inadmissible, the Court sustains the government's objection that the expert reports of Janet Blok Scott and Dr. Huffman are inadmissible (Dkt. No. 52, at 6).

So ordered this the 6th day of July, 2018.

_____
Kristine G. Baker
United States District Judge